IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARDINO MARTINEZ,

    Petitioner,                                 No. 2:11-cv-2351 JAM CKD P

    vs.

M.O. MCDONALD,                            ORDER AND

    Respondent.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Pursuant to a plea agreement, petitioner pled guilty in the Superior Court of Sacramento County to two counts of committing a lewd act with a minor age 10 or younger and was sentenced to 30-years-to-life-imprisonment.  Petitioner presents three claims for relief.[1]

---

[1] While it is certainly not clear, it appears petitioner may also be attempting to present the claims identified in a Superior Court of Sacramento petition for collateral relief which he attaches to his federal petition.  See Pet. at 8-18 (page numbers are those assigned by the court's electronic docketing system).  However, the court does not consider these claims as the court may limit its review of the petition for relief to the information in the petition only and need not consider attachments to the petition.  See Rule 2(c), Rules Governing § 2254 Cases.  Furthermore, there is no indication petitioner has exhausted state court remedies with respect to any claims other than those identified in his petition and exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  While the exhaustion requirement can be waived, it must be waived explicitly by respondent's

I. Request For Counsel

In his petition and his traverse, petitioner requests the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

II. Standards For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

---

counsel. 28 U.S.C. § 2254(b)(3). Respondent has not waived the exhaustion requirement with respect to any claim. Finally, petitioner has not requested a stay of this action so that he may exhaust state court remedies with respect to any claims. See e.g. Rhines v. Weber, 544 U.S. 269 (2005).

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. Harrington, 131 S. Ct. 786.

3

In this case, petitioner's claims were presented on direct appeal, and the California Court of Appeal was the final court to issue a reasoned opinion. Answer, Ex. A; Resp't's Lodged Docs. #3-5.

III. Background

On direct appeal, the California Court of Appeal described the facts related to petitioner's claims as follows:

> An amended complaint filed on July 7, 2009, charged defendant with 10 sexual offenses against the victim, aged 10. On that date, defendant pleaded no contest to two counts of committing a lewd act on a minor aged 10 or younger, in exchange for the dismissal of the other eight counts, and a stipulated prison sentence of 30 years to life.
>
> At the plea hearing, defense counsel, Joseph Farina, stated he had tried to negotiate a determinate term, but defendant had been caught molesting the child, and both he and the victim told the police that defendant had orally copulated the victim many times. Mr. Farina had explained the consequences of the plea–including a certainty of deportation –to defendant:
>
> "And it is his decision to accept the D.A.'s offer. I can't recommend it. But Mr. Martinez feels there is no reason to continue and draw these proceedings out.
>
> "I want on the record that I can't necessarily go along with this deal because it's a life offer.
>
> "It is Mr. Martinez's case, and he is wishing to accept the D.A.'s offer."
>
> After defendant told the trial court that he wanted to accept the offer for a prison sentence of 30 years to life, the trial court inquired of defendant in part as follows:
>
> "You understand that your attorney recommends against entering this plea on these conditions.
>
> "But the final decision is yours, Mr. Martinez, and that's what you want to do?
>
> "Is that correct?
>
> "THE DEFENDANT: Well, there isn't any other solution.
>
> "THE COURT: All right. That's what you want to do then today?

4

"THE DEFENDANT: Yes."

While making the standard advisements for a no contest plea, the trial court ascertained that Mr. Farina had explained the charges and possible defenses to defendant, and defendant had not been threatened or promised anything other than as set forth in the plea bargain as described on the record.

The factual basis for the plea shows that on March 13, 2009, defendant orally copulated the victim, then aged 10, and between December 21, 2007, and December 20, 2008, he orally copulated her, then aged 9.

On August 21, 2009, the date set for sentencing, Mr. Farina informed the court defendant wanted to withdraw the plea, and that defendant had told the probation officer he had been rushed into taking the plea and had claimed that Mr. Farina "told him he had no other option than to take the plea agreement, 30 to life, and was given just two days to think about it." Mr. Farina continued:

"This court may remember, since this court took the plea, that I specifically put it on the record that this plea was against my legal advice; that I attempted to get a [determinate] sentence from the district attorney, with no luck, and then approached the Court about a [determinate] sentence, also without success. But ultimately, I could not recommend this plea bargain.

"And this court did inquire of the defendant, if he understood that taking this plea was against my legal advice. And Mr. Martinez indicated that he did, but he wished to proceed with the plea and the offer as related by the district attorney, which, again , was against my legal advice.

"He now has apparently changed his mind and wants to withdraw his plea. And that's where we find ourselves."

Mr. Farina recommended that an independent attorney be appointed "to take a look at it and see if there are any grounds to withdraw the plea." The trial court agreed and defendant waived time to enable this procedure. Defendant did not lodge any objection to this procedure.

On October 9, 2009, attorney Kelly Tanalepy filed a motion to withdraw the plea. The motion asked, "that the court reconsider this plea in light of [defendant's] lack of record and immigration consequences."

Defendant's supporting declaration states that he had not committed other crimes, and "Once I finish the sentence I have to be deported from this country. I do not intend to . . . return here

after that." His declaration *conceded* he had accepted the plea bargain against Mr. Farina's advice:

"In this case my attorney told me that all the evidence against me was the statement that was taken from me when I did not have an attorney. He said that in trial that statement would be enough to together with hearsay statements to convict me of a sentence of at least thirty years to life. And it wouldn't necessarily be based on the statement of the person who was the victim, but a statement from someone who is quoting that person.

"This was the primary reason I entered the plea against the advice of my attorney. I made that decision while feeling a little pressured with my attorney saying I was between a rock and a hard place. This was really why I [pleaded no contest.]"

In its opposition, the prosecutor summarized the evidence available to the People, showing that the victim's father found defendant in the act of molesting the 10-year-old girl, and that both the victim and the defendant told peace officers he had molested her many times since she was 9.

On October 23, 2009, the trial court denied the motion. The trial court found that Mr. Farina's assessment of the case had been realistic, based on the strength of the evidence available to the prosecution, and found that defendant knowingly, intelligently and voluntarily accepted the bargain, in part stating that "when I took the plea, Mr. Farina urged Mr. Martinez not to enter it." The court stated: "The basis for Mr. Martinez's motion to withdraw the plea seems to be that he now feels that he should be capable of rehabilitation and that perhaps he could achieve a better disposition. That is not sufficient grounds to withdraw the plea."

Without objection by defendant, Ms. Tanalepy was relieved as counsel, and Mr. Farina represented defendant for sentencing. The trial court sentenced defendant to 30 years to life, in accordance with the plea bargain. . .

Answer, Ex. A at 2-6.

IV. <u>Analysis</u>

    A. <u>Counsel's Advice To Petitioner To Not Plead Guilty</u>

In his first claim, petitioner asserts it was wrong for his trial counsel, Joseph Farina, to inform the court of counsel's opinion that petitioner should not accept the plea agreement he ultimately accepted.

/////

1       Under the Sixth Amendment, criminal defendants are guaranteed the right of effective assistance of counsel. In order to prove ineffective assistance, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985).

      With respect to his claim that counsel should not have informed the court of his opinion regarding the plea agreement offered to petitioner, petitioner fails to show that counsel's actions either fell below an objective standard of reasonableness or prejudiced petitioner in any way.

      Petitioner suggests that counsel asserting in open court that petitioner should not accept the plea agreement offered him somehow revealed a conflict of interest in trial counsel's representation of petitioner. The court does not agree. An impermissible conflict of interest exists when counsel actively represents conflicting interests. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Here, counsel was not representing conflicting interests, he simply informed the court that he did not believe petitioner accepting the terms of the offer presented was appropriate. Counsel revealing his beliefs about the plea agreement in this respect did not put counsel in the position of representing any interest in conflict with petitioner's interests or somehow limit counsel's ability to act as an effective advocate on behalf of petitioner.

/////

B. <u>Hearing On Motion To Withdraw Plea</u>

In his second claim, petitioner essentially reiterates his first claim and then asserts he was effectively denied counsel at the hearing on his motion to withdraw his guilty plea because his trial counsel opposed petitioner's attempt to withdraw his plea. However, petitioner's trial counsel, Joseph Farina, did not represent petitioner during his motion to withdraw. Ms. Kelly Tanalepy represented petitioner at those proceedings. Furthermore, nothings suggests Mr. Farina opposed petitioner's request to withdraw his plea.

C. <u>"Concurrent Counsel Procedure"</u>

Finally, petitioner claims the replacement lawyer procedure employed by the trial court with respect to petitioner's attempt to withdraw his plea violated his Sixth Amendment right to counsel. While the California Court of Appeal found that the procedure employed by the trial court violated California law, Answer, Ex. A at 6-11, petitioner fails to point to anything suggesting it violates federal law. Petitioner was never denied counsel and, again, in order to prevail on a Sixth Amendment ineffective assistance of counsel claim, petitioner must show that his counsel's actions were objectively unreasonable and prejudice resulting therefrom. Nothing before the court establishes either requirement for ineffective assistance of counsel.

D. <u>Relief Precluded By 28 U.S.C. § 2254(d)</u>

Petitioner's claims not only fail on the merits but habeas relief is also precluded by 28 U.S.C. § 2254(d). The court has reviewed the decision of the California Court of Appeal rejecting petitioner's claims. That decision is not contrary to, nor does it involve an unreasonable application of clearly established federal law as determined by the Supreme Court. Furthermore, the decision is not based on an unreasonable determination of the facts.

V. <u>Conclusion</u>

For all of the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

/////

Accordingly, IT IS HEREBY ORDERED that petitioner's request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mart2351.157